## COUNTY OF FRANKLIN,

### AT THE

## JANUARY TERM, 1877.

PRESENT :

HON. HOYT H. WHEELER,* ⎫
HON. JONATHAN ROSS, ⎬ ASSISTANT JUDGES.
HON. H. HENRY POWERS, ⎭

---

## BUCK AND OTHERS *v.* KITTLE'S ESTATE.

*Advancement.   Heirship and Expectancy.   Descent.   Release.
Accord and Satisfaction.   Married Woman's Covenant.
Gen. Sts. c. 56, ss. 16, 17.*

On appeal from a decree of the Probate Court distributing one seventh of an estate to plaintiffs, who claimed as children and heirs-at-law of C., a deceased daughter of the intestate, it appeared that while the intestate and C. were both in life, C. and her husband executed to the intestate a writing without seal, purporting, in consideration of a deed then executed to her and her husband by the intestate, to release her and her heirs' claim to her share in the intestate's estate. *Held,* that plaintiffs took directly from the intestate as the representatives of C.; that the writing could have no effect as an accord and satisfaction, as, when it was given, C. had an expectancy only; that it could have no effect as a covenant, binding C. and her heirs

---

*PIERPOINT, C. J., was absent on account of sickness, and ROYCE, J., sat in some of the cases.

not to prosecute her expectancy, as it was not under seal, and as C. was *covert;* that it was inoperative as an agreement, under ss. 16, 17, c. 56, Gen. Sts., that the advancement should be *in full* of the expectancy; and that, therefore, the writing did not bar the plaintiffs from receiving a distributive share of said estate.

APPEAL by the defendants from a decree of the Probate Court, whereby one seventh of the estate of the intestate, Jonathan C. Kittle, was distributed to the plaintiffs, who claimed as children and heirs-at-law of Charlotte E. Buck, one of the intestate's daughters. The defendants pleaded that on February 10, 1863, in the lifetime of the intestate and his said daughter, the intestate, at the request of said daughter and her husband, advanced to her $3000 as her share of his estate, which sum was invested in a farm occupied by her and her husband, and in consideration of which she agreed to receive the same in full satisfaction and discharge of all claim to any further distributive share in said estate, and then and there executed and delivered to the intestate a discharge of the following tenor, to wit : " We, the undersigned, William and Charlotte E. Buck, both of Fairfax, Franklin County, and State of Vermont, in consideration of a deed to us this day executed by Jonathan C. Kittle, of Sheldon, county and state aforesaid, do hereby agree and bind ourselves and our heirs by these presents not to claim in any way or manner any part or portion of the estate of the said Jonathan C. Kittle ; and we do hereby relinquish all our right to any claim as heirs to his estate. In witness whereof we hereunto set our hands this 10th day of February, A. D. 1863 "; and that therefore neither the said daughter nor her heirs were entitled to any further distributive share in the estate of the said intestate. The replication alleged that no such sum as that in the plea mentioned was invested by the said intestate in said farm, but only the sum of $1,666.66 ; that said farm was at the time of said investment, the rightful property of the said daughter and her said husband ; that in consideration of said last-named sum the said daughter and her husband, by their warranty deed of February 10, 1863, conveyed said farm to said intestate ; that said intestate was the owner of said farm at the time of his death ; and that the same was never reconveyed to the said daughter nor to her said husband, nor to their heirs ; and

37

that there was no consideration for said discharge. The defendants put in evidence the deed and discharge of February 10, 1863, and a lease of said farm from the intestate to the daughter and her husband, of the same date ; and there was no other evidence. The discharge was not under seal. The consideration expressed in the deed was $3000. Trial by the court, September Term, 1876, ROYCE, J., presiding, and judgment, *pro forma*, for the defendant. Exceptions by plaintiffs.

*George A. Ballard* and *C. W. Witters* ( *Daniel Roberts* with them), for the plaintiffs, cited *Baxter* v. *Willey*, 9 Vt. 276 ; *Wright* v. *Bates*, 13 Vt. 341 ; *Catlin* v. *Chittenden & Co.* Brayt. 163 ; *Robinson* v. *Robinson*, Brayt. 59 ; *Robinson* v. *Robinson*, 3 Vt. 283 ; *Wheeler* v. *Wheeler's Estate*, 47 Vt. 637 ; *Crosby* v. *Cavenaugh*, 24 Miss. 619 ; *Chase* v. *Ewing*, 51 Barb. 597 ; *Barton* v. *Rice*, 22 Pick. 508 ; *Park* v. *Pratt*, 38 Vt. 545 ; *Brownson* v. *Hull*, 16 Vt. 309 ; *Bernal* v. *Marquis of Donegal*, 3 Dow, 133 ; s. c. 1 Bligh, N. S. 594 ; *Jenkins* v. *Stetson*, 9 Allen, 128 ; *Trull* v. *Eastman & Wife*, 3 Met. 121 ; *Fitch* v. *Fitch*, 8 Pick. 479 ; *Boynton* v. *Hubbard*, 7 Mass. 112 ; *Jeffers* v. *Lampson*, 10 Ohio St. 101 ; *Miller* v. *Emans*, 19 N. Y. 384 ; *Lampet's Case*, 10 Co. [*46a] ; *Carleton* v. *Leighton*, 3 Merriv. 667 ; *Jones* v. *Roe*, 3 T. R. 88 ; *Quarles* v. *Quarles*, 4 Mass. 680 ; *Kenney* v. *Tucker*, 8 Mass. 142 ; *Brown* v. *Brown*, 16 Vt. 197, 204 ; *Weatherhead* v. *Field*, 26 Vt. 665 ; *Heirs of Adams* v. *Adams*, 22 Vt. 50, 64 ; *Bishop* v. *Davenport*, 58 Ill. 105.

*Edson, Rand & Edson*, for the defendant, cited *Robinson* v. *Swift*, 3 Vt. 283 ; *Quarles* v. *Quarles*, 4 Mass. 680 ; *Kenney* v. *Tucker*, 8 Mass. 142 ; Gen. Sts. c. 56, ss. 13, 16, 17 ; *Robinson* v. *Robinson*, Brayt. 59.

The opinion of the court was delivered by

Ross, J. The principal if not the only question considered by the County Court was, the effect to be given to the writing given by William and Charlotte E. Buck to the intestate, February 10, 1863. If that writing operates to bar the appellees from re-

ceiving a distributive share of the estate, the judgment of the County Court must stand, although it did not proceed to make distribution of the estate as it regularly should have done. Neither has the County Court found sufficient facts to enable this court to make distribution. Hence, we shall confine ourselves to the consideration of the effect of the writing of February 10, 1863. It is conceded that it cannot operate as a release of the expectant heir, Charlotte E. Buck's expectancy in her father's estate. A release cannot discharge that which does not exist. Heirship cannot be predicated of a living person. At the date of the writing, Charlotte E. Buck had no right to what in time might prove to be her father's estate. Her expectancy even might prove but a vain hope, as it did by her decease preceding that of her father. Besides, the writing not being under seal, leaves the consideration open for inquiry, and lacks the essential requisites of a technical release. But if it operated to release her expectancy, it would not touch the rights of the appellees in the estate. They take as the representatives of Charlotte E. but directly from Jonathan C. Kittle, and not from her. *Sedgwick* v. *Minot*, 6 Allen, 171. She never became an heir to the estate, and so took nothing in it, and therefore could not transfer any part of the estate to the appellees, nor release anything which the law gives to them directly from the estate. The same objections lie to giving the writing and the receipt of the consideration expressed therein, effect as an accord and satisfaction of the expectancy. The words, accord and satisfaction, of themselves imply that something exists to accord and satisfy, which, as we have seen, did not exist in this case. But if it did accord and satisfy the expectancy, the expectancy perished without fruition. It is conceded that Charlotte E. could not convey her expectancy, because it was not a thing in existence, and might not, and in this case never did, exist. If it conveyed the expectancy, the expectancy amounted to nothing. Jonathan C. Kittle could never have reaped the fruition of the expectancy, as that fruition depended upon his demise. Hence, she did not have anything to convey, nor anything he could have ever taken if she could have conveyed it.

As it is not under seal, an essential requisite of a covenant,

binding Charlotte E. and her heirs not to prosecute her expectancy if it ripened into fruition against the estate, is wanting. Besides, Charlotte E., being at the time of its execution under the disability of coverture, could not, with the consent of her husband even, bind herself by personal covenants ; and if not herself, not her heirs nor representatives.   The counsel for the estate attempt to uphold and give it force to defeat the right of the appellees, under ss. 16, 17, c. 56, of the Gen. Sts.   Section 16 provides that an advancement made to a child, or other lineal descendant, in case of the decease of the child or other lineal descendant before the decease of the intestate, shall be reckoned towards the share in the estate of the representative of such child or other lineal descendant.   But this section makes no provision for such advancement being taken in full for the representative's share, unless the advancement was of a sum equal to the representative's share in the estate.   The provision that it should be reckoned towards such share, excludes an intention to reckon it in full, if it prove not to be equal in amount to the share.

Section 17 provides for ascertaining the value of the advancement, that if its value is expressed by the act which evidences the advancement as such, under the statute it shall be reckoned at that value, and if not so expressed, at its true value at the time it was advanced.   The counsel for the estate contend that this section authorizes the ancestor and heir expectant to agree upon the value of the thing advanced, and therefore to agree that it shall be in full of the expectancy.   But receipts and other contracts not under seal, expressed to be in full for any legal obligation, are usually open to explanation by parol proof, and operate only so far as the thing received satisfies the legal obligation to which it is applied.   It is to be noticed that the section is silent as to any agreement for the full satisfaction of the heir's distributive share.   Besides, it allows the ancestor to fix the value of the advancement, without the concurrence of the heir expectant ; and if it is to be taken in full of the heir's share in his estate when he so expresses it at the time of making the advancement, it allows the ancestor to speak in respect to, and to control, the distribution of his estate by parol, and without complying with the statu-

tory requisites of a will.   Such a construction is directly opposed
to the policy of the law in regard to the disposition of property
by will.   Viewed from any legal standpoint, the claims of the
counsel for the estate are unsupported by legal principles, and
are directly opposed to the decision of this court in *Robinson* v.
*Robinson,* Brayt. 59, and *Robinson* v. *Swift, admr* 3 Vt. 283.
Hence, we think there was error in the *pro-forma* judgment of the
County Court, giving to the writing of February 10, 1863, the
effect to satisfy the share of the appellees in the defendant estate. '

The question has been discussed whether the writing of Febru-
ary 10, 1863, is evidence of an advancement.   All the papers
executed between the parties on that day are to be construed as
evidencing one transaction.   From the peculiar character of what
has been denominated the lease, and as no facts have been found
by the court whether the intestate paid any money to Buck and
wife on that occasion, and if so, how much, we have not thought
best to attempt to decide this question.

Judgment reversed ; cause remanded.